```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


                                    )
 UNITED STATES OF AMERICA,          )
                                    )
         Plaintiff,                 )
                                    )   Criminal Action Nos.
 v.                                 )   3:16-CR-30038-MGM and
                                    )   3:18-CR-30025-MGM
 CARLOS MALDONADO,                  )
                                    )
         Defendant.                 )
                                    )


          BEFORE THE HONORABLE MARK G. MASTROIANNI
                UNITED STATES DISTRICT JUDGE


                      STATUS CONFERENCE


                       July 23, 2018
                         10:08 a.m.




                  United States Courthouse
               Franklin Courtroom, 3rd Floor
                      300 State Street
             Springfield, Massachusetts  01105




                  Linda Walsh, RPR, CRR
                  Official Court Reporter
          John J. Moakley United States Courthouse
              One Courthouse Way, Room 5205
                Boston, Massachusetts  02210
                   lwalshsteno@gmail.com
```

```
 1   APPEARANCES:

 2   On Behalf of the Government:

 3        UNITED STATES ATTORNEY'S OFFICE
          By:  AUSA Todd E. Newhouse
 4        300 State Street, Suite 230
          Springfield, Massachusetts  01105
 5        413-785-0109
          todd.newhouse@usdoj.gov
 6
          UNITED STATES ATTORNEY'S OFFICE
 7        By:  AUSA Greg A. Friedholm
          Donahue Federal Building
 8        525 Main Street, Suite 206
          Worcester, Massachusetts  01608
 9        (508) 368-0100
          greg.friedholm@usdoj.gov
10
     On Behalf of the Defendant:
11
          FEDERAL PUBLIC DEFENDER OFFICE
12        By:  Miriam Conrad, Esq.
          51 Sleeper Street, Fifth Floor
13        Boston, Massachusetts  02210
          617-223-8061
14        miriam_conrad@fd.org

15

16

17

18

19              Proceeding reported and produced
                  by computer-aided stenography
20

21

22

23

24

25
```

```
                    P R O C E E D I N G S
        (The following proceedings were held in open court
before the Honorable Mark G. Mastroianni, United States
District Judge, United States District Court, District of
Massachusetts, 300 State Street, Springfield, Massachusetts, on
July 23, 2018.
        The defendant, Carlos Maldonado, is present with
counsel.  The Assistant U.S. Attorneys Todd E. Newhouse and
Greg A. Friedholm are present.)
10:05   THE CLERK:  Your Honor, the matters before the court
are criminal numbers 16-30038 and 18-30025, *United States
versus Carlos Maldonado*.  Court is now in session.  You may be
seated.
        Would counsel please identify themselves for the Court
and for the record.
        MR. NEWHOUSE:  Good morning.  Todd Newhouse, United
States, on the 2016 case.
        MR. FRIEDHOLM:  Good morning, your Honor.  Greg
Friedholm on behalf of the United States on the 2018 case.
10:08   THE COURT:  Good morning.
        MS. CONRAD:  Good morning, your Honor.  Miriam Conrad
for Mr. Maldonado on both cases.
        THE COURT:  Good morning.
        And Mr. Maldonado is present.
        So this is status.  We went through a lot the last
```

1  time.  We covered a lot of ground the last time we were in
2  court, and we kind of left it with, I think -- the parties with
3  a lot to talk about as far as seeing where this case was going
4  to go next.  So I'll leave it to whichever side wants to give
5  me a status.
6        MS. CONRAD:  Well, your Honor, I have conferred with
7  Mr. O'Regan and with Mr. Friedholm.  They are unwilling to say
8  at this point what their recommendation would be on a plea.
9  Mr. Maldonado's guidelines are --
10 10:09    THE COURT:  On a plea to which one?
11       MS. CONRAD:  Both.  It would be 210 to 262 months.
12 That's with acceptance of responsibility.  And so Mr. Maldonado
13 has indicated to me that he intends to hire private counsel,
14 and if your Honor wishes to address him on that point, I would
15 ask the Government counsel and all others not involved directly
16 in this case be excused from the courtroom as it may implicate
17 issues with respect to attorney-client communications.
18       THE COURT:  Okay.  I just want to be clear for myself
19 on the record.  So we have -- the numbers that you just
20 10:10 mentioned to me, we have the existing, the older drug
21 indictment, and then we have the new case which is not indicted
22 yet.  And so you had -- the Government was not prepared to give
23 you recommendations on either when you were talking about that?
24       MS. CONRAD:  Correct, correct.
25       THE COURT:  Or how they work together?

1            MS. CONRAD:  Correct, although I believe that,
2  especially after consultation with Probation Officer Rinaldi,
3  that, again, those are based on if Mr. Maldonado is a career
4  offender, an issue that I had intended to address prior to
5  sentencing, and I have some arguments that he should not be
6  considered a career offender.  But assuming he is, the
7  guidelines for the drug case alone are 210 to 262 months.  The
8  guidelines for the new case essentially are washed out if
9  Mr. Maldonado is treated as a career offender on the drug case.
10 So they don't increase his guideline range.
11           THE COURT:  All right.  And, also, in play here
12 is -- I don't really know if you've discussed this with the
13 Government as well -- is the violation of probation.
14           MS. CONRAD:  Yes.  And, again, I don't have any
15 specific numbers as far as the Government's recommendation.  So
16 this really is a situation where -- with respect to a plea,
17 other than knowing what the guidelines could be, Mr. Maldonado
18 is not in a position to assess what recommendation the
19 Government would make.
20           THE COURT:  All right.  And before we move on with the
21 issue of hiring private counsel, so presently we have a trial
22 date on the older -- or the original drug case.  We have a
23 trial date.  There are no evidentiary substantive motions to
24 suppress or the like that need to be filed.  So that trial date
25 is set; is that correct?

```
 1              MS. CONRAD:  Correct.
 2              THE COURT:  All right.
 3              MS. CONRAD:  Of course we reserve the right to file
 4    any motions in limine and the like.
 5              THE COURT:  Of course, sure.  And I'm not even sure we
 6    have a scheduling order out yet.
 7              MS. CONRAD:  I don't think so.
 8              THE COURT:  But if there's not, we would give you one.
 9    Well, in light of what you've told me, you have not moved to
10    withdraw.  Do you anticipate you're going to be moving to
11    withdraw?  You are telling me that Mr. Maldonado might or is
12    definitively?  I don't know what that means, where he wants to
13    talk to a private lawyer.
14              MS. CONRAD:  He wants to hire a private lawyer.
15              THE COURT:  Wanting to and actually doing it are two
16    different things.
17              MS. CONRAD:  I understand, your Honor.
18              THE COURT:  Well, the only possible thing for the
19    Government to comment on regarding that would be how that could
20    potentially affect the trial date --
21              MS. CONRAD:  Correct.
22              THE COURT:  -- in this case.  It has been moved and
23    continued numerous times for various reasons, including new
24    counsel, you, being appointed to this case.  So -- all right.
25              Government, what do you want to say?
```

1       MR. NEWHOUSE: With regard to the 2016 drug case, the
2  Government would strongly oppose any change in counsel at this
3  point. As the Court is well aware, the Defendant has an
4  absolute right under the Sixth Amendment to counsel, but that
5  right is limited. He does not have the right to continuously
6  switch counsel and delay a case. This case is now over two
7  years old. It's relatively simple, a one-count drug
8  distribution indictment in which the Defendant is captured on
9  three different DVDs handing drugs to a cooperating witness on
10:14 10 audio and video.

11      As you well know, hearkening back to the beginning of
12 this case, Attorney Levinson was on this case for about a year
13 and a half and we had, my memory is, three different hearings
14 where the Defendant said he wanted new counsel and then after
15 colloquy with this Court changed his mind. That changed I
16 think it was sometime late last year or early this year when
17 after the third colloquy in which the Government, who is now
18 present, this Court allowed Attorney Levinson's motion to
19 withdraw, and Attorney Conrad came in I think it was sometime
10:14 20 early this year or late last year. So seven or eight months
21 ago.

22      In my experience, there's no way an attorney is going
23 to get on this case and be ready for trial on September 24th,
24 and the Government strongly objects to pushing the trial back
25 any further. I think this is the fourth or fifth trial date

```
 1   we've had set in this case.  I have a cooperating witness.  I
 2   need to call several law enforcement officers.  One of them has
 3   now relocated to another office across the country.
 4           And, you know, the Defendant has a right to a speedy
 5   trial, but at some point, Judge, the Government has a right to
 6   have its case tried.  This is an important case for the
 7   community.  Drugs are killing the valley, and I think we have
 8   the right -- the United States has the right to get this case
 9   to trial no later than September 24th, and that's not going to
10   happen with a new attorney coming in this case.
11           MS. CONRAD:  May I just address two points raised by
12   Mr. Newhouse, if I may, your Honor.
13           First of all, I don't believe the Government has -- or
14   even the Court, frankly, can oppose hiring of new counsel.  If
15   Mr. Maldonado hires new counsel, the Government has no say in
16   that.  I'm not moving to withdraw.
17           THE COURT:  Neither does the Court --
18           MS. CONRAD:  Right.
19           THE COURT:  -- if that new counsel is prepared to try
20   the case on the scheduled date.
21           MS. CONRAD:  They can certainly address the timing
22   issue, but they can't really oppose a change of counsel.
23           Second of all, Mr. Newhouse perhaps -- maybe I
24   misunderstood him, but I think he said this case was more than
25   two years old.  That's incorrect.  The case was indicted on
```

1  September 15th of 2016.  Although it's close, it is not yet
2  more than two years.
3       THE COURT:  All right.  So I'm not going to take any
4  action on your notification that Mr. Maldonado would like to
5  hire new counsel.  I can't because there's no motion in front
6  of me.  You are not moving to withdraw.  I have no appearance
7  from new counsel, from anyone who's prepared to file an
8  appearance.
9       And you are absolutely correct, Attorney Conrad, if
10 Mr. Maldonado wants to hire an attorney, that attorney can file
11 an appearance and seek to move the dates that are presently
12 scheduled.  I will tell everyone in the room and you,
13 Mr. Maldonado, that I don't want to predetermine what I would
14 do if there was a motion for another continuance based upon new
15 counsel because I would have to assess the reasoning put forth,
16 but I would tell you, and everyone else in this court, that it
17 is highly unlikely that you would get a continuance of your
18 trial date because of change of counsel.
19      At the appropriate time, I will consider that
20 situation and look at all the evidence to be completely fair.
21 As I said, I don't know the basis or the reasons that would be
22 put forward, but I don't need to remind all the parties or you,
23 Mr. Maldonado, of the number of continuances in this case that
24 were -- and the number of times you have discussed and raised
25 to the Court wanting different counsel, which resulted in

1  Attorney Conrad being appointed to this case.

2  I am also aware of the letter that you wrote to this
3  Court asking for the prosecution counsel to be changed in this
4  case. So there is a history of you asking the Court to take
5  action or -- through your using the appearance of attorneys,
6  whether that be the Government's attorney or your attorney in
7  this case. So in your discussions with private counsel that
8  you might be seeking to retain -- and I don't know if this is
9  going on -- you should let that private counsel know
10:18 10  essentially what I have just told you. And, again, that
11  doesn't mean that I won't consider fresh, if you have a new
12  private counsel, what that counsel says to me, but let that
13  private counsel, whoever you are talking to, know the situation
14  as I just kind of generally explained it to you. All right,
15  Mr. Maldonado?

16  THE DEFENDANT: Yes, sir.

17  THE COURT: So right now we are scheduled for trial.
18  If something else comes up, I'll address it at that point. So
19  what else do we have to discuss today?

10:19 20  MR. FRIEDHOLM: Your Honor, there is a motion to
21  transfer custody of, an interesting segue, the letter that was
22  received by the Court from Mr. Maldonado on or about April 5th.

23  THE COURT: Yes. And I talked quickly with
24  Mr. Bartlett regarding that. I think the defense still has
25  time to respond. I don't have a response. Are you going to be

```
 1  responding to that?
 2          MS. CONRAD:  I will, your Honor.  I would like to
 3  discuss that with Mr. Maldonado, though.
 4          THE COURT:  All right.  I won't take that up today.
 5          MR. FRIEDHOLM:  The Government would be moving to
 6  dismiss the information that was on file without prejudice at
 7  this point, and so because effectively that docket will be
 8  closed, I just ask that the motion for the transfer of custody
 9  be transferred to the '16 -- the 2016 docket or we can refile
10  it under that number if the Court would like.
11          THE COURT:  All right.  So you are moving -- I guess
12  you have got to run that by me one more time.
13          MR. FRIEDHOLM:  Sure.  Because Mr. Maldonado has
14  indicated that he is not going to plead to the information that
15  was presented to the Court, the Government is now moving to
16  dismiss that information without prejudice.
17          THE COURT:  I see.
18          MR. FRIEDHOLM:  So because of that, there won't be any
19  docket -- presumably the Court will allow, there won't be a
20  docket, no longer open, and because the motion to transfer
21  custody was filed under that docket number, I just ask that
22  that motion be transferred to the 2016 docket or the Government
23  can refile.
24          THE COURT:  All right.  That's an administrative type
25  of moving of docket.  Are you -- do you want to say anything
```

```
 1  about that?
 2          MS. CONRAD:  I think it would be cleaner if it were
 3  just refiled with the correct docket number or the older docket
 4  number on it as opposed to something having something with one
 5  docket number docketed in this case.
 6          THE COURT:  I'm not quite sure -- I think this is an
 7  issue that the clerk's office can determine regarding how their
 8  filing and docketing is going to enter.
 9          There would be no opposition, is that correct, the
10  dismissal of the information?  That seems absolutely
11  appropriate.  So the information can be dismissed.  And I'll
12  leave it to the clerk's determination as to transfer of files
13  or opening new -- you know, where the documents in the closed
14  information will go.
15          MR. FRIEDHOLM:  And then one other situation that has
16  arisen.  This is a fairly unique circumstance where the
17  Defendant did not waive indictment, but there was information
18  that was on file with the Court.  The Government would just ask
19  that because the Defendant did not waive but because it's on
20  file and the court suspended the hearing so that the defense
21  and the parties could further discuss whether he intended to
22  plead to that information, that that time, from June 20th to
23  today, be excluded under any speedy trial calculations.
24          THE COURT:  Be excluded under the speedy trial
25  calculations for the alleged -- the crime alleged in the
```

```
 1  information?
 2       MR. FRIEDHOLM:  That is correct.  So the rule reads
 3  that it needs to be brought to trial within 70 days of the
 4  filing of an information or indictment.  Now, he never waived
 5  his right to indictment.  Arguably --
 6       THE COURT:  Yes, I see what you mean.  All right.
 7  Fine.
 8       MS. CONRAD:  May I just be heard on that, your Honor?
 9       THE COURT:  Well, sure.  I was going to suggest that
10  the Government would need to file a motion as opposed to moving
11  orally but -- and then you could address it.
12       MS. CONRAD:  It seems to me that if the Government is
13  moving to dismiss that information without prejudice, then any
14  speedy trial calculation is moot.
15       THE COURT:  It may be.  It may be, but I can also see
16  a creative argument being made otherwise, if there should -- if
17  a new indictment should come out addressing that information.
18  Attorney Conrad brings a good point up.  I'll let you consider
19  those options.  Any speedy trial issue needs to be addressed by
20  a motion.  So just file a motion essentially stating what you
21  have just told me or considering what Attorney Conrad just said
22  as well, but -- I do appreciate the position, and I'm sure
23  Attorney Conrad does as well.  As I said, I can see -- I don't
24  know if it would be successful, but I can see a creative
25  argument at least put out there regarding speedy trial.  So
```

1   please address that by way of motion and give the defense a
2   chance to respond.
3           MR. FRIEDHOLM:  I'll file that today, your Honor.
4   Thank you very much.
5           THE COURT:  I think that's all we have.  We're on
6   track for trial.  The Court will issue a scheduling order
7   regarding motions in limine, witness lists, and all the other
8   logistical issues that are adjustments to the scheduling
9   orders.
10:24 10         MS. CONRAD:  Just two quick things, one housekeeping
11  and the other I would like to confer with Mr. Maldonado about
12  before we adjourn.  With respect to scheduling, I just want to
13  note that I had made a commitment to be faculty at a trial
14  advocacy workshop the week prior to the trial date.  And I
15  won't be there every day, but I will have to be there at least
16  three days and all in the afternoon.  So I just want to note
17  that to the extent there's any hearings scheduled on motions in
18  limine or pretrial conference or the like.
19          THE COURT:  Oh, sure.  I'm sure the clerk's office
10:24 20  will work with you, and I will obviously consider that when
21  you're requesting dates for hearings.
22          MS. CONRAD:  Thank you.  May I just confer with
23  Mr. Maldonado for a moment because, although I'm not seeking to
24  withdraw, I just want to make sure that there are no issues
25  that he wants to raise with respect to my representation of him

```
 1   while we're all here.
 2           THE COURT:  Sure.  Do you need to do that privately or
 3   do you want the noise machine on?
 4           MS. CONRAD:  The noise machine will be fine.  Thank
 5   you.
 6           (Discussion with counsel)
 7           MS. CONRAD:  Mr. Maldonado indicated he doesn't have
 8   anything he wishes to raise with the Court at this time.
 9           THE COURT:  Does not.  All right.  Very good.  A
10:25 10  scheduling order will issue for the trial.  Thank you.
11           MS. CONRAD:  Thank you.
12           THE CLERK:  All rise.  Court is in recess.
13           (Adjourned 10:26 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1            CERTIFICATE OF OFFICIAL REPORTER
2
3            I, Linda Walsh, Registered Professional Reporter
4    and Certified Realtime Reporter, in and for the United States
5    District Court for the District of Massachusetts, do hereby
6    certify that pursuant to Section 753, Title 28, United States
7    Code that the foregoing is a true and correct transcript of the
8    stenographically reported proceedings held in the
9    above-entitled matter and that the transcript page format is in
10   conformance with the regulations of the Judicial Conference of
11   the United States.
12                    Dated this 26th day of July, 2018.
13
14
15            /s/ Linda Walsh_____
16            Linda Walsh, RPR, CRR
17            Official Court Reporter
18
19
20
21
22
23
24
25
```